WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela,<br><br>Plaintiff,<br><br>v.<br><br>Corizon Health Incorporated, et al.,<br><br>Defendants. | No. CV-19-05167-PHX-MTL (MHB)<br><br>**ORDER** |

Plaintiff has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. In its screening order, the Court ordered Defendants Schmidt and Fallhoe to answer Count Two of the Complaint, and dismissed the remaining claims and Defendants without prejudice. The Court also stated, if Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of the screening order, whichever is later, the action may be dismissed as to each Defendant not served.

The record revealing that Defendants Schmidt and Fallhoe had not been served, the Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to serve pursuant to Fed.R.Civ.P. 4(m). Thereafter, Plaintiff filed a request for service assistance.

In an effort to move this matter forward, the Court required Corizon Health, Inc., to advise the Court and Plaintiff regarding this matter. The Court stated, "[i]f Defendants Schmidt and Fallhoe are still employed with Corizon Health, Inc., it shall provide Plaintiff

with their current work locations. If said Defendants are no longer employed with Corizon Health, Inc., it shall provide their last known home addresses to the Court UNDER SEAL."

Corizon complied with the Court's Order and Defendant Schmidt was served on September 11, 2020. However, the record reflects that service was returned unexecuted as to Defendant Fallhoe.

Therefore, it appearing that reasonable efforts have been made to provide Plaintiff with the opportunity to effect service; Defendant Fallhoe has not been served; and the time for completing service has expired, the Court will determine whether dismissal of this matter as to Defendants Fallhoe is appropriate.

Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. See id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal. Plaintiff's failure to serve Defendant Fallhoe prevents the case against him from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already made reasonable efforts to provide Plaintiff with the opportunity to effect service.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Plaintiff's claims against Defendant Fallhoe will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure Plaintiff's claims against Defendant Fallhoe are dismissed without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to strike from the docket, Doc. 40.

Dated this 13th day of October, 2020.

Michael T. Liburdi
United States District Judge